IRA P. FARRINGTON *vs.* B. F. FARRAR.

Cumberland. Opinion November 15, 1881.

*Poor debtor. Citation.*

In an action on a poor debtor's bond, where the debtor's citation alleged his arrest on an execution issued on a judgment recovered "on the first Tuesday of March, A. D. 1880, by the consideration of the justice of the superior court then held at, " &c. and gave the date of the execution and other particulars sufficient to identify the judgment, (which was the only one ever recovered by the plaintiff against the principal in the bond,) and the certificate of the magistrates, recited a judgment identical in all respects with the one described in the citation, except that it says it was "recovered . . . by the con-

sideration of the justice of the superior court, at a term of said court, held at, &c. on the first Tuesday of March, A. D. 1880."

*Held,*   1. That there was no variance that would invalidate the certificate of the debtor's discharge.

2. That an averment in the citation that the bond had not expired, was not necessary when the citation gave the date of the bond, and it thereby appeared that the proceedings were seasonable.

3. That it was sufficent to aver in the citation that E. S. R. upon whom it was served was the attorney of record of the creditor, without adding the words, "in the suit," and that the citation was not invalidated by the omission of the street and street number of the lawyer's office where it was returnable, in the absence of all evidence tending to show that there was any difficulty in finding it.

ON EXCEPTIONS from superior court.

Debt on poor debtor's bond.

The presiding justice ruled *pro forma* that neither of the alternative conditions of the bond had been complied with, and that the evidence did not prove a legal notice to the creditor of· the disclosure.

(Citation.)

"To Asa P. Moore, esquire, one of the justices of the peace within and for the county of Androscoggin.

"Whereas, I, the undersigned, S. D. Thompson of Webster, in said county of Androscoggin, have been arrested in the county of Androscoggin by force of an execution which issued on a judgment recovered against me on the first Tuesday of March, A. D. 1880, by the consideration of the justice of the superior court then held at Portland in the county of Cumberland, in favor of Ira P. Farrington of said Portland, said execution bearing date the sixteenth day of April, A. D. 1880, and being for the sum of one hundred ninety-three dollars and sixty-two cents, damage, and costs of court taxed at seventeen dollars and twenty-five cents, and have given the bond required by law and referred to in the twenty-fourth section of the one hundred thirteenth chapter of the revised statutes of the state of Maine, which bond bears date May 21, 1880.   Now, therefore, I, the under-signed, claiming the benefit of the oath authorized by the thirtieth section of said chapter, and never having been refused a discharge from arrest on said execution or on any other execution

issued on said judgment, request you, the said justice, to cite the said creditor to appear before two disinterested justices of the peace and of the quorum, for the county of Androscoggin, at such place and time (within the time limited in said bond,) as you may appoint, when and where I will submit myself to examination, and take the oath as prescribed in the thirtieth section of the chapter above referred to, if allowed by the said justices, and the said creditor may be then and there present, and object if he shall see cause, and may select one of the justices, and be heard thereon.

"Dated at Lisbon this seventh day of August, 1880.

S. D. THOMPSON."

"State of Maine.    [L. S.]    Androscoggin, ss.    To Ira P. Farrington of Portland in the county of Cumberland and state of Maine, whose attorney of record is E. S. Ridlon of said Portland :    Greeting :

"In the name of the state of Maine, you are hereby notified of the desire of the above named debtor, as expressed in the foregoing application, and that I have appointed Saturday, the twenty-eighth day of August in the year of our Lord one thousand eight hundred and eighty, at nine of the clock in the forenoon, and the office of Calvin Record, attorney at law, in Lewiston in said county, as the time and place for said examination, and you are hereby notified to be present and select one of the justices, and be heard in said examination.

"Given under my hand and seal, at Lisbon in said Androscoggin county, this seventh day of August, in the year of our Lord one thousand eight hundred and eighty.

ASA P. MOORE,  justice of the peace.

"A true copy.    Attest, E. R. BROWN, deputy sheriff."

(Discharge.)

"State of Maine.    [L. S.]    Androscoggin, ss.    [L. S.]

"To the sheriff of said county, or his deputy; and to the keeper of the jail at Auburn, or to any coroner in said county, or to any constable of any town in said county.

"We, the subscribers, two disinterested justices of the peace and quorum, in and for said county, hereby certify that, S. D.

Thompson of Webster in said county of Androscoggin, a poor debtor arrested on a certain execution issued on a judgment recovered against the said S. D. Thompson by the consideration of the justice of the superior court at a term of said court held at Portland within and for the county of Cumberland on the first Tuesday of March, A. D. 1880, said execution bearing date the sixteenth day of April, A. D. 1880, said judgment having been rendered on the fifth day of April, A. D. 1880, and being for the sum of one hundred ninety-three dollars and sixty-two cents, damage, and costs of court taxed at seventeen dollars and twenty-five cents; and enlarged on giving bond to the creditor, has caused Ira P. Farrington of Portland in said county of Cumberland, the creditor, to be notified, according to law, of his desire to take the benefit of the one hundred and thirteenth chapter of the revised statutes; that in our opinion he is clearly entitled to the benefit of the oath prescribed in the thirtieth section thereof; and that we have, after due caution, administered it to him.    Witness our hands and seals this twenty-eighth day of August, A. D. 1880.

"Calvin Record, justice of the peace and of the quorum, selected by the debtor.

"H. C. Wentworth, justice of the peace and of the quorum, selected for the creditor, by I. N. Parker, a deputy sheriff of the county of Androscoggin, the said creditor, his agent or attorney, not being present at the time appointed, and unreasonably neglecting to appoint one of the justices to hear this disclosure, or to procure his attendance."

*E. S. Ridlon*, for the plaintiff.

The citation to the creditor is the foundation of the jurisdiction of the justices.   Hence it should describe the judgment on which the debtor claims to take the oath.   *Poor* v. *Knight*, 66 Maine, 482.

The citation in this case does not describe the judgment.   The judgment was recovered April 5, 1880.   The citation describes a judgment recovered against the debtor on the first Tuesday of March, A. D. 1880.

There is no averment in the citation that the bond therein

described had not expired. The citation was served on the attorney of record of the plaintiff. R. S., c. 113, § 27, requires that the citation shall be served on the creditor, or one of them if more than one, or on the attorney of record in the suit, &c.

There is no averment in the citation that E. S. Ridlon, was attorney of record "in the suit," nor could there have been any other evidence before the justices that such was the fact. They had no right to assume that such was the case without a distinct averment in the citation to that effect. The records of the superior court will disclose the fact that the plaintiff had several attorneys of record in various suits.

The case shows that the judgment upon which the execution was issued is the only judgment ever recovered by the plaintiff against S. D. Thompson. . It was necessary to inspect the records of the court to determine that fact. From an examination of the citation and execution it might properly be inferred that there were two judgments in favor of the plaintiff against S. D. Thompson, to wit; one judgment recovered April 5, 1880, and one judgment recovered the first Tuesday in March, 1880.

The place fixed for the examination of the debtor was at the office of Calvin Record, attorney at law, in Lewiston in said county. One not familiar with the geography of our state, would be at loss to know whether the magistrate referred to the county of Androscoggin or county of Cumberland. The latter is the last county mentioned prior to the words "in said county."

In a city of the size of Lewiston, the place of examination should have been fixed more definitely, by giving the name of the street on which Record's office was located and the number of the same.

The citation does not anywhere state that the judgment was recovered at any term of the superior court held at Portland within and for the county of Cumberland.

*Asa P. Moore,* for the defendant, cited : R. S., c. 113, § § 27, 30, 33, 38, 50, 52 ; stat. 1878, c. 59, § 2 ; *Bell* v. *Furbush,* 56 Maine, 184 ; *Dunham* v. *Felt,* 65 Maine, 218 ; *Bliss* v. *Day,* 68 Maine, 201 ; *Prince* v. *Skillin,* 71 Maine, 368. This

case differs from the cases of *Poor* v. *Knight*, 66 Maine, 482 ; *Garland* v. *Williams*, 49 Maine, 16 ; *Farrar* v. *Fairbanks*, 53 Maine, 143 ; *Prescott* v. *Prescott*, 62 Maine, 428.

BARROWS, J. The attention of our legislators was directed to the relief of debtors really poor and not dishonest, at an early day.

In the laws of 1831, chap. DXX, we find an act entitled, "An act for the abolition of imprisonment of honest debtors for debt." Ever since then it has been made to appear in a series of enactments, that in the view of our law-makers, the sole purpose for which it is proper to give a creditor power over his debtor's body, is to secure a true disclosure of the state of the debtor's affairs and his means of payment and the honest appropriation of such means as he actually has, not exempt by law from attachment and execution, to the payment of the debt.

There is nothing in our laws to justify the libels which we sometimes see in print emanating from demagogues anxious to cultivate the good will of those who desire to be relieved from any legal compulsion to pay their debts, or from thoughtless and ignorant, if well meaning, philanthropists who mistake the howl of menaced knavery against the restraint of the laws for the wail of oppressed innocence. The real friend of the laboring classes knows that they need rather the means to compel the punctual payment of their just dues than relief from the payment of their honest debts ; and all should know that all that remains of imprisonment for debt in this state, is the power of coercing a debtor to a full disclosure of his property affairs and business transactions, so far as they bear upon his means to pay, to the satisfaction of an intelligent tribunal which may fairly be said never to err against the right of the honest poor man to liberty. This, too, is all which a reasonable creditor will require at the hands of the ministers of justice. The opportunity to ascertain by a personal examination legally conducted, whether his debtor can pay, and to compel payment if the debtor has the means, is all the creditor has a right to ask in this direction. Nothing but his debtor's dishonesty can give him any power beyond this under our laws. The debtor

when arrested has his option—to request the officer making the arrest, to take him at once before the proper tribunal to make his disclosure forthwith, or to give a bond with sureties conditioned among other things, that he will make such disclosure with effect within six months. In either case the right of the creditor to a full disclosure of the state of his debtor's property and affairs, (which, in order to relieve the debtor, shall not be inconsistent in the opinion of a legally and fairly selected tribunal with the taking of the poor debtor's oath) is secured, and of this it is difficult to see how the debtor can well complain. And this is precisely what is designed to be secured whenever an arrest for debt is authorized by law, to wit: the opportunity for the creditor, if he supposes that his debtor can pay if he would, to ascertain how the fact is by examination of the debtor under the sanctions of an oath—the opportunity to secure by legal process at a just appraisal such property not exempt from attachment as the debtor may disclose, and the opportunity to be heard before a tribunal legally and mutually selected, upon the question whether the debtor has conducted honestly in the premises and is entitled to his discharge. Notice of the proceedings to the creditor in the outset, is obviously necessary, and is provided for by the statute regulating them, and this notice lies at the foundation of the jurisdiction of the magistrates, for the tribunal cannot be regularly constituted unless it is given substantially as required, and the creditor has an opportunity to select one of the justices. These essential rights of creditors are to be preserved; but on the other hand the provisions permitting the debtor to give bond that he will disclose at a future day, are not to be perverted into contrivances to make the sureties upon such bond responsible for the payment of the debt if the principal substantially fulfils either of the other conditions.

In a suit like the present such a certificate from the magistrates as these defendants produced is *prima facie* evidence that one of the alternative conditions of the bond has been performed. *Dunham* v. *Felt*, 65 Maine, 218. What does the plaintiff present here to invalidate it? He claims that there is a variance between the certificate and the citation served upon the creditor's

attorney (bringing the case within the doctrine of *Poor* v. *Knight*, 66 Maine, 482) in the date of the rendition of the judgment referred to. The citation should give such a description of the judgment and process to which it relates that the person and case may be rightly understood. When this is done, "no citation shall be deemed incorrect for want of form only, or for circumstantial errors or mistakes." Laws of 1878, c. 59, § 2. The essential thing is to give the creditor a notice, by inspection of which it can be judicially known that he could not have failed rightly to understand the person and case to which the proceeding related. The only discrepancy that is asserted to exist here between the citation as served and the rest of the record, is that in the citation the applicant recites his arrest, "in the county of Androscoggin by force of an execution which issued on a judgment recovered against me on the first Tuesday of March, A. D. 1880, by the consideration of the justice of the superior court *then held* at Portland, in the county of Cumberland, in favor of Ira P. Farrington of said Portland, said execution bearing date the sixteenth day of April, A. D. 1880," &c. while the execution, bearing date as alleged in the citation, recites a judgment recovered against the applicant in favor of said Farrington "by the consideration of our justice of our superior court holden at Portland within and for the county of Cumberland on the first Tuesday of March, A. D. 1880," with a further memorandum upon it, "judgment rendered the fifth day of April, 1880 ; and the certificate of the justices, besides giving the precise day of the rendition of judgment as noted on the execution and the date of the execution as given in the citation, refers also to the judgment as having been "recovered against the said S. D. Thompson, by the consideration of the justice of the superior court *at a term* of said court held at Portland, within and for the county of Cumberland on the first Tuesday of March, A. D. 1880." Now there is in fact no discrepancy here. The citation recites, without professing to give its precise date, and in phraseology somewhat awkward, but still sufficiently intelligible, a judgment recovered in the superior court in Cumberland county, at March term, A. D. 1880. The other papers show the same with additional particu-

lars, which it was not necessary to rehearse in the citation, provided enough appeared there to identify the judgment and execution to which the proceedings had reference. They are abundantly identified by numerous particulars, and the case finds that it was the only judgment which the plaintiff had recovered against said Thompson, so that there was no possibility of misapprehension on the part of the creditor's attorney when the citation was served on him.

The case bears no resemblance to *Poor* v. *Knight*, where there was a mistake both as to the term at which the judgment was rendered and the amount of the judgment. Here is no mistake as to the term, only an omission of the date of rendition of judgment.

The plaintiff next objects that there is no averment in the citation that the bond had not expired. Such an averment was not necessary. The date of the bond is given in the citation and shows that the proceedings were seasonable.

The plaintiff further says that there is no averment in the citation that E. S. Ridlon was attorney of record "in the suit." But in the connection in which the averment that E. S. Ridlon is the attorney of record of Ira P. Farrington stands, it can mean nothing else, and is sufficient.

That he was the attorney of record in the suit appears in his approval of the bond and is not disputed.

Lastly he complains that the street and street number of the lawyer's office at which he was cited to appear in Lewiston, was not given. It does not appear that he would have met with any difficulty in finding the office if he had cared to attend the disclosure. In the absence of all evidence tending to show that he was embarrassed by the omission, we cannot regard it as invalidating the citation.

Microscopic objections like these afford no ground for saying that neither of the conditions of the bond was fulfilled, or for converting the liability of the sureties on the bond into a liability for the debt.

Before the passage of c. 59, laws of 1878, before referred to, slight errors in the papers which could not have misled or injured

the creditor, were not regarded as sufficient to invalidate the debtor's certificate of discharge when the case showed that the creditor had had the opportunity to which he was entitled to appear and select one of the justices, and examine the debtor if he pleased. *Clement* v. *Wyman*, 31 Maine, 50.

Neither in that case nor in this, did the creditor think it worth while to avail himself of the opportunity offered. The *pro forma* ruling was erroneous.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.